# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                       Criminal No. 10-205 DWF/AJB

           Plaintiff,

v.                              **REPORT AND RECOMMENDATION**

EDWARD L. ANDRIST,

           Defendant.

     Karen B. Schommer, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

     Caroline Durham, Esq., for the defendant, Edward L. Andrist.

     This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 18, 2010, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Exhibits and a proffer of facts were received at the hearing with regard to suppression of statements and search and seizure evidence.

     Based upon the file and documents contained therein, along with the proffer and exhibits presented at hearing, the Magistrate Judge makes the following:

## FINDINGS

### Search Warrants

     **March 20, 2008.** On March 20, 2008, an Ottertail County District Court Judge issued a warrant to search a particularly described apartment building unit in Deer Creek, Minnesota (Hrg. Ex. 2), further identified in the supporting affidavit as the residence of Edward L. Andrist. The search warrant identified the objects of the warrant as computer systems and peripheral devices; data on hard drives or removable storage media showing distribution of child

pornography; compact disks and other media; documents tending to show possession or distribution of child pornography; programs and operating systems manuals; materials revealing passwords; residency and Internet use documents; camera equipment and tapes; and residency documents. The warrant was issued on the basis of probable cause contained in the Affidavit of Ottertail County Sheriff's Office Detective Greg Seim, including information reported by an identified witness. Specifically, the warrant affidavit states that Edward Andrist had brought two computers to the witness to perform service work; the computers were self-described as Mr. Andrist's home computers; the computers were set up for dial-up Internet connection; and upon examination of computer content the witness discovered a depiction he construed to be child pornography.

**Computer Search Warrant.** On April 28, 2008, an Ottertail County District Court Judge issued a warrant authorizing a search of three particularly and individually described computers, including all data contained on hard drives, deleted files, and email files, as well as 15 CDs (Hrg. Ex. 3). The warrant was issued on the basis of probable cause contained in the Affidavit of Ottertail County Sheriff's Office Detective Greg Seim, including information reported by an identified witness, evidence obtained during the execution of a warrant to search an apartment residence, and statements made by the defendant.

**Statements**[1]

On March 20, 2008, Ottertail County Sheriff's Office Detective Greg Seim and his partner, Detective Van Dyke, went to the apartment residence of defendant Edward Andrist

---

[1] Findings are based upon a fact proffer submitted by the government upon defendant's agreement that facts could be presented by way of proffer [Docket No. 19].

to execute a search warrant. The detectives were in plain clothes and were accompanied by a uniformed officer. The detectives knocked on the door and were admitted into the residence by the defendant after being advised that the officers had a search warrant. No weapons were displayed by officers during execution of the search warrant and the defendant was not placed in handcuffs or otherwise restricted in his movements within the one-bedroom apartment. The defendant himself retrieved CDs that were seized by the detectives, and he was kept within the officers' view throughout the search.

In the course of the search detectives Seim and Van Dyke conducted an interview with the defendant in the apartment living room. Except for the first few minutes following entry into the apartment, comments and conversations during the search and interview were recorded (Hrg. Ex.1a and1b).[2] The uniformed officer was not present during the interview. The defendant was not given the Miranda warning prior to or during the interview, and he was not arrested after the interview and search were completed. At one point during the search and interview Mr. Andrist stated "I don't even want to talk to you."[3] However, he did not expressly request that all questioning cease.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

## CONCLUSIONS

### Search Warrants

**March 20, 2008.** Evidence seized pursuant to a warrant to search the defendant's apartment residence in Deer Creek, Minnesota (Hrg. Ex. 2), was not unlawfully obtained in

---

[2] Hrg. Ex. 1a is a CD. Hrg. Ex. 1b is the transcript.

[3] Hrg. Ex. 1a at 41:22; Hrg. Ex. 1b at page 14.

violation of the constitutional rights of defendant Edward L. Andrist. The search warrant was issued on March 20, 2008, and was based upon sufficient probable cause as stated in the Affidavit of Ottertail County Sheriff's Office Detective Greg Seim and as determined by an Ottertail County District Court Judge. The warrant properly and sufficiently identified the location of the search and the items to be seized, and the warrant adequately stated a nexus between the objects of the search and the place to be searched. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Computer Search Warrant.** Evidence seized pursuant to a warrant to search three particularly identified computers and 15 CDs (Hrg. Ex. 3), was not unlawfully obtained in violation of the constitutional rights of defendant Edward Andrist. The search warrant was issued on April 28, 2008, and was based upon sufficient probable cause as stated in the Affidavit of Ottertail County Sheriff's Office Detective Greg Seim and as determined by an Ottertail County District Court Judge. Evidence submitted to establish probable cause included evidence lawfully obtained through a witness report, execution of a warrant to search defendant's residence, and interview statements made by the defendant. The warrant properly and sufficiently identified the property to be searched and the data that was the object of the search, and evidence obtained as a result of searching the computers and CDs was not the fruit of prior unlawful search and seizure or unlawfully obtained statements. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Statements.** Defendant Edward L. Andrist's statements to Ottertail County

4

detectives at the defendant's apartment residence on March 20, 2008 (Hrg. Ex. 1a and 1b), were not made while defendant was under arrest or in a custodial setting. The interview was conducted and statements were made while the detectives were executing a warrant to search the apartment, primarily for computer based evidence relating to child pornography activities. Defendant Edward Andrist's consent to questioning was voluntary and willing. The detectives were lawfully inside the defendant's residence and the interview was not coerced in any respect. Defendant's statements were freely and voluntarily provided; the statements were not the result of promises, threats, or coercion; the statements were not otherwise obtained in violation of Edward Andrist's constitutional rights, including the right to counsel and the right to remain silent; and defendant was not arrested at the conclusion of the interview. Moreover, the defendant was free to leave the living room and the apartment at any time. Under the circumstances of the interview in this instance there was no requirement that the defendant be advised of his rights per Miranda.

Custody occurs when the subject's freedom of action is limited in any significant manner. United States v. Axsom, 289 F.3d 496, 500 (8th Cir. 2002) (citing United States v. Griffin, 922 F.2d 1343, 1347 (8th Cir. 1990) and Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966)). The court must consider the presence and extent of physical and psychological restraints upon the subject's liberty during questioning and thereafter determine whether a reasonable person in the suspect's situation would have understood that he was indeed in custody. Axsom at 500 (citing Griffin, 922 F.2d at 1347). Indicia which are commonly applied in determining custody are:

> (1) whether the suspect was informed that the questioning was voluntary and that the subject was free to leave or request that officers leave, or that the suspect was

5

not under arrest; (2) whether the suspect possessed unrestrained freedom during questioning; (3) whether the suspect initiated contact with law enforcement or voluntarily acquiesced to requests for responses to questions; (4) whether strong arm tactics or deception were used during questioning; (5) whether the atmosphere of the questioning was police dominated; or (6) whether the subject was arrested at the conclusion of questioning.

Id., (citing Griffin at 1349).

With respect to the Griffin factors, the defendant was advised that he was not under arrest and did not have to speak with the detectives; the defendant's freedom during questioning was unrestricted; and the defendant voluntarily responded to questions. The mitigating factors weigh against a determination that the defendant was in custody. The aggravating factors likewise weigh against a finding of custody where there is simply no evidence of deception or strong arm tactics during questioning, no atmosphere of police domination, and no arrest after questioning. Finally, the court again finds no constitutional justification for suppression of statements made by Edward Andrist at his residence.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Edward L. Andrist's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 15]; and

2. Defendant Edward L. Andrist's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 16].

Dated: August 19, 2010

    s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 3, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.